35 C.C.P.A.(Patents)

### Application of CROSKEY et al.
### Patent Appeals No. 5348.

Court of Customs and Patent Appeals.

Jan. 6, 1948.

Rehearing Denied Feb. 10, 1948.

Ernest F. Mechlin, of Washington, D. C. (Henry K. Muir, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting all of the claims 1 to 8 inclusive, 10 and 15 to 18 inclusive of an application, serial No. 509,910, filed November, 11, 1943, for the reissue of a patent No. 2,287,976 dated June 30, 1942, on an application, serial No. 342,798, filed June 27, 1940.

The sole question before us is one of law. Therefore, it is not necessary to consider the disclosure of the application or that of the cited reference, a patent to

Stettinius et al. 2,327,972, dated August 24, 1943.

In its decision, the board held, as did the examiner, that there was "laches by delay in filing the reissue application," and because of such holding affirmed the decision of the examiner in rejecting the claims on the reference. In other words, the decision of the board, rejecting on the reference, was contingent upon its holding of so-called "laches" in filing the application. Therefore, our decision on the ground of undue delay is determinative of the case. It is admitted that if that doctrine applies, the rejection on the reference is proper.

The application for reissue of the patent in addition to claims 1 to 4 inclusive, being claims in appellants' original patent, contains several claims copied from the Stettinius et al. patent for the purpose of interference. The claims herein are concededly broader than the claims of the patent sought to be reissued.

On February 9, 1944, an interference, No. 81,347, was declared between the reissue application and the Stettinius et al. patent. A motion was made by counsel for Stettinius et al. to dissolve the interference on various grounds, one of which was that the count thereof was barred to appellants by reason of "unreasonable delay and laches in presenting the same."

By an Act of Congress approved August 5, 1939, 53 Stat. 1212, 35 U.S.C.A. §§ 31, 32, 69, 73, sections 4886, 4887, 4920, and 4929 of the Revised Statutes were amended, and section 2 was added to section 4886, reading as follows: "Sec. 2. This Act [amending sections 4886, 4887, 4920, and 4929 of the Revised Statutes (U.S.C., title 35, Secs. 31, 32, 69, and 73) by changing 'two years' to 'one year'] shall take effect one year after its approval and shall apply to all applications for patent filed after it takes effect and to all patents granted on such applications: *Provided, however, That all applications for patents filed prior to the time this Act takes effect and all patents granted on such applications are to be governed by the statutes in force at the time of approval of this Act as if such statutes had not been amend-* ed." (Italics ours except for the first two italicized words.) It will be noted that the effective date of the Act is by its terms August 5, 1940.

The board in its decision stated as follows:

"The changes made in Revised Statutes 4886, 4887, 4920 and 4929 all refer to time bars arising before the date of *filing* of an application which may become a patent. No bars are here involved which did or could have arisen before the filing of the application which matured to [sic] applicants' patent. The only bar under consideration is the alleged laches by delay in filing the reissue application. The Act relied on does not mention reissue applications, either explicitly or in our opinion, by inference. The rule against laches in reissuing was drawn by the courts by analogy to the time interval of the public use bar, and applies only to the interval between the grant of a patent and the filing of a reissue application. It follows that applicants should have shown 'special circumstances' for delay beyond the one year limit and not having shown them, claims 5 to 8, 10 and 15 to 18 are properly rejected for laches.

"Applicants admit that if the rejection for laches be proper, all claims are met by the Stettinius patent. Having held as above, we affirm the rejection on Stettinius."

Appellants' contention below and here is, since their original application was filed June 27, 1940, which is a date prior to the effective date of the amendments, that under the provision of Sec. 2 of section 4886, supra, the term of two years within which to file an application for the reissue of their patent is proper.

In the solicitor's brief it is stated that "It does not appear to be urged by the appellants that their excuse for the delay is sufficient, if the critical period is one year, and it has not been asserted by the Patent Office that the excuse is insufficient if the critical period is two years."

It is true, as stated by the Board of Appeals, that none of the statutes herein above referred to relates to reissued patents or the application for the issue thereof. The

amendments, as the board properly stated, had reference to the bar of time arising prior to the filing date of an application for a patent. The maximum time within which an invention could be in public use, on sale, or disclosed in a printed publication prior to the filing date of an application for a patent was shortened from "two years" to "one year." However, it is clearly provided in the Act that "* * * all applications for patents filed prior to the time this Act takes effect [August 5, 1940] and all patents granted on such applications are to be governed by the statutes in force at the time of approval of this Act [August 5, 1939] as if such statutes had not been amended."

■ It is clear to us that appellants' original application and his patent should be governed by the statutes in force prior to the effective date of the amendment.

■ There is no statutory requirement limiting the time within which a broadened reissue of a patent may be sought. There never has been any such statute. The board correctly stated that the rule against laches in the filing of an application for reissue of a patent "* * * was drawn by the courts by analogy to the time interval of the public use bar, * * *."

That analogy was first made in the opinion of the Supreme Court in the case of Miller v. Brass Company, 104 U.S. 350, 26 L.Ed. 783. The principle was there laid down that the period fixed by statute within which an application for a patent could be filed, after two years public use of the invention, should likewise limit the delay, after a patent had issued, in filing an application for reissue with broader claims, in the absence of a compelling showing excusing such delay. The Court stated: "If two years' public enjoyment of an invention with the consent and allowance of the inventor is evidence of abandonment, and a bar to an application for a patent, a public disclaimer in the patent itself should be construed equally favorable to the public. Nothing but a clear mistake, or inadvertence, and a speedy application for its correction, is admissible when it is sought merely to enlarge the claim." That rule

has been consistently followed. See Mahn v. Harwood, 112 U.S. 354, 5 S.Ct. 174, 6 S. Ct. 451, 28 L.Ed. 665; Chapman et al. v. Wintroath, 252 U.S. 126, 40 S.Ct. 234, 64 L.Ed. 491; Sontag Chain Stores Co., Ltd. v. National Nut Company of California, 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204; and the many cases cited in Walker on Patents, Deller's Edition, Volume Two, page 1369. From the opinion in the case of Mahn v. Harwood, supra, we quote from page 363 of 112 U.S., 5 S.Ct. 174, 179, 6 S. Ct. 451, 28 L.Ed. 665, as follows: "In Miller v. Brass Company [104 U.S. 350, 26 L. Ed. 783], by analogy to the law of public use before an application for a patent, we suggested that a delay of two years in applying for such correction should be construed equally favorable to the public. But this was a mere suggestion by the way, and was not intended to lay down any general rule. Nevertheless, the analogy is an apposite one, and we think that excuse for any longer delay than that should be made manifest by the special circumstances of the case."

Of course, in view of the amendments referred to herein and following the rule of law set forth in the above cited cases, it would seem with respect to such applications and to patents granted thereon that an application for reissue, unless made manifest by the special circumstances of the case, would have to be made within one year after the date of the patent.

It appears clear to us (and as far as our research and information goes it is a case of first impression) that because of the proviso contained in Sec. 2, supra, applications filed prior the effective date of the Act and patents issuing thereon, regardless of their date, are to be governed by the law in effect prior to the effective date of the amendments.

While Sec. 2, supra, is clear and in our opinion does not require extrinsic aid in its construction, it may be stated that an examination of the legislative history confirms our view in that respect. A report accompanying H. R. 6872 made by Mr. Kramer of the Committee on Patents of the House of Representatives, Report No. 961,.

76th Congress, 1st Session, contains the following:

"Time of Taking Effect

\* \* \* \* \* \*

"The proposal will apply only to applications for patent filed after the law takes effect, and to patents granted on such applications; it will not apply to patents granted before it comes into effect, nor to applications filed before that date and patents granted on such application."

Senator Lucas of the Senate Committee on Patents made a report in identical words on the same act, Calendar No. 916, Report No. 876, 76th Congress, 1st Session.

While it is quite true that there is nothing in the amended statutes concerning applications for reissue, it should likewise be noted that in the came statutes prior to amendment there was nothing concerning reissue.

Section 4916 of the Revised Statutes, U.S.C., title 35, Sec. 64, 35 U.S.C.A. § 64 is the statutory authority under which reissue patents may be granted. That section is the same now as it was prior to the effective date of the Act, August 5, 1940. If under the statutes prior to that time it was an established principle of law, as laid down by the Supreme Court, that the time of public use, or sale, or publication for a period of two years is applicable as a bar to the filing of a reissue application in the absence of special circumstances, surely, in view of the proviso of Sec. 2, it is the law now with respect to all applications filed prior to the effective date of said amendments and to patents granted thereon. We can not see why an application for the reissue of a patent, such as is before us, should be excluded from the advantages flowing from the law governing applications filed before the effective date of the Act of 1939, supra, by reason of the fact that reissue was not sought until subsequent to that date.

The board in its decision made reference to the case of Ryder et al. v. Coe,[1] decided by the U. S. District Court, District of Columbia on February 15, 1945 and stated that although the facts herein are not identical with those in that case, it may be concluded as a matter of law that after the expiration of one year from the grant of a patent all the tests of "special circumstances" are to be made with respect to the reissue application with broadened claims as had been formerly applied after two years. The solicitor in his brief contends that the Ryder case, supra, is directly in point here in that it involved an application for the reissue of a patent granted after the effective date of the Act on an application filed prior thereto. There as here the time elapsing between the issue of the patent and the filing of the reissue application was about the same and the court found that the critical period to be applied there was one year rather than two. It is stated by the solicitor that counsel for the plaintiff in his trial brief made the following statement: "As stated in the amendment to Section 4886 R.S. Congress specifically provided that applications for patents filed prior to the time this Act takes effect (August 5, 1940) and all patents granted on such applications, are to be governed by the statutes in force at the time of the approval of this Act as if such statutes had not been amended, and in the present case the Ryder application resulting in patent No. 2,215,254 was filed May 2, 1936."

However, we find that the above quotation seemingly was not relied upon by the plaintiff and apparently there was no explanation of nor argument on the applicability of the proviso clause of Sec. 2, supra. The issue there for determination was whether "special circumstances" had been shown excusing delay which the Patent Office regarded as being unreasonable. On that issue, and that issue alone, the court ruled against the plaintiff. We are of opinion, therefore, that the Ryder case, supra, is not applicable to the facts and circumstances here.

For the reasons herein stated, the decision of the Board of Appeals is reversed.

Reversed.

BLAND, J., sat during the argument of this case, but resigned before the opinion was prepared.

---

[1] No opinion for publication.